**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LIBERTY INSURANCE CORPORATION *as subrogee of Marcus Ellson*,

Plaintiff,

v.

MONOPRICE, INC., HINEN ELECTRONICS, (SHENZHEN) CO. LTD.,

Defendants.

Case No. 22-cv-1306 (NEB/JFD)

**SECOND AMENDED PRETRIAL SCHEDULING ORDER**

---

This matter is before the Court on the parties' Joint Motion to Amend the Pretrial Scheduling Order (Dkt. No. 22). The motion is granted, and the following Second Amended Pretrial Scheduling Order governs this case going forward.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

**<u>FACT DISCOVERY: DEADLINES AND LIMITATIONS</u>**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 17, 2022.** If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **August 17, 2022.** This deadline has passed.

2. The Plaintiff shall have until **August 4, 2023**, to amend the Complaint to include the claim of Mr. Ellson for additional damages that were not compensated by insurance.

3. Fact discovery shall be <u>commenced in time to be completed on or before</u> **October 31, 2023**.

4. No more than a total of **50 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **50 document requests** and no more than **30 requests for admissions** shall be served by each side.

5. No more than **8** fact depositions shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

6. No Rule 35 medical examinations shall be taken.

7. Discovery of Electronically Stored Information.

   The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

8. Translation of documents. A number of documents that are potentially going to be used in this case will need to be translated into English. No later than **August 26, 2022**, counsel will meet and confer and attempt to agree on a protocol for translation, including the approximate volume of material needing translation, timetables for translation, and allocation of translation cost.

## <u>EXPERT DISCOVERY: DEADLINES AND LIMITATIONS</u>

1. Each side may call up to **6** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. Initial experts.

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **November 30, 2023**.

ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **November 30, 2023**.

b. Rebuttal experts.

i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **January 5, 2024**.

ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **January 5, 2024**.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **April 5, 2024.**

## DEADLINES FOR FILING MOTIONS

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **August 17, 2022**. This deadline has passed.
2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **May 3, 2024**.
3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **May 3, 2024**.

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both

sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions shall be filed by the moving party on or before **June 7, 2024**. All dispositive motions shall be scheduled, filed and served in compliance with the

Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Brasel's Courtroom Deputy at 612-664-5050.

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to the Courtroom Deputy at the same time as the documents are posted on ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, three-ring notebook.

**TRIAL**

This case shall be ready for a **jury** trial on **October 4, 2024.** The anticipated length of trial is **6-8** days.

Date: June 26, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge